UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SOPHORNIA HARRIS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 4:13CV02516 AGF ) |
| DENNIS J. BARTON, III, et al., | ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692d-f, and under state law for abuse of process, is before the Court on the motion of Defendant Dennis J. Barton, III, to dismiss the complaint for failure to state a claim. For the reasons set forth below, the motion shall be granted in part and denied in part.

## BACKGROUND

Plaintiff Sophornia Harris's action, filed on December 18, 2013, arises out of Barton's attempt to collect a debt Plaintiff allegedly owed to St. Anthony's Medical Center ("St. Anthony's") for medical services. Plaintiff alleged in her original complaint that Barton is an attorney whose principal business is the collection of debts for collection agencies. She alleged that sometime prior to October 26, 2012, St. Anthony's assigned the debt in question to such an agency, pursuant to Missouri Revised Statute § 425.300. This section provides that "[c]ollection agencies may take assignment of claims in their own name as real parties in interest for the purpose of billing and collection and bringing

suit in their own and the claimant's names thereon. . . . " Mo. Rev. Stat. § 425.300.

Plaintiff further alleged that about 30 days prior to the assignment, Barton sent her a letter (the September 2012 letter) and called her indicating in the letter and phone call that he represented St. Anthony's and was seeking to collect the debt in question. The letter was printed on Barton's law firm's letterhead, and was purportedly signed by him. Plaintiff alleges that Barton was not personally involved in drafting or signing the letter and that neither he nor another attorney undertook an independent review to determine whether Plaintiff actually owed the debt.

On October 26, 2012, Barton filed a petition in state court against Plaintiff, at the behest of the collection agency, naming only St. Anthony's as the plaintiff and not mentioning the assignment of the debt. Barton signed the petition as "Attorney for Plaintiff" even though, according to Plaintiff, he had had no communication with St. Anthony's prior to filing the petition. Plaintiff was never served with the petition and on January 30, 2013, Barton dismissed the case without prejudice.

Plaintiff alleged that in November 2013, she learned for the first time, with the help of counsel, that Barton, "contrary to his many representations to the contrary, never actually represented St. Anthony's . . . with respect to the debts that [he] attempted to collect." In Count I of her original complaint, Plaintiff asserted that Barton's debt collection activities described above involved false representations and unfair practices in violation of the FDCPA, and in Count II she asserted a state law claim for abuse of

2

process.[1]

Barton moved to dismiss, arguing, in part, that the FDCPA one-year statute of limitations barred the claims under that statute. Thereafter, on April 23, 2014, Plaintiff moved to file an amended complaint, with the proposed amended complaint attached to the motion. This motion was granted on May 15, 2014. The amended complaint is virtually identical to the original complaint except that it adds the allegation that after the dismissal of the state court petition, Barton (and the collection agency) sent her at least one additional collection letter, with Barton continuing "the misrepresentation that [he] was the attorney for St. Anthony's and that St. Anthony's was collecting from Plaintiff 'directly.'" Plaintiff makes no mention of the date this alleged letter was sent or received.

Plaintiff also added to the amended complaint that on or about October 25, 2013, she learned "through Case.net" about the state lawsuit, sought legal advice "shortly thereafter," and on or about November 1, 2013, learned that Barton never actually represented St. Anthony's. Attached to the amended complaint is a letter dated February 17, 2014, addressed to Plaintiff's attorney from Laura Frame, General Counsel of St. Anthony's, confirming that Barton was not employed by, nor ever had a contractual relationship with, St. Anthony's.

For dismissal, Barton again argues that the FDCPA claims based on the September 2012 letter and phone call are barred by the statute's one-year limitations period, which,

---

1     The collection agency and its principal were named as Defendants in the complaint, but have been voluntarily dismissed with prejudice by Plaintiff.

according to Barton, is jurisdictional and not subject to equitable tolling, and in any event, Plaintiff has not met the standard for such tolling. He argues that Plaintiff should not be able to proceed with an FDCPA claim based on the letter allegedly sent after the state action was dismissed, without affirmatively pleading the date of that letter, to show that it was sent after May 14, 2004, and thus not barred by the statute of limitations.

Barton also contends that all claims based on the filing of the state lawsuit fail as a matter of law because Plaintiff was never served with the petition. Alternatively, Barton argues that the claims based on the state lawsuit should be dismissed because St. Anthony's assignment of the debt to the collection agency pursuant to § 425.300 authorized the agency to hire Barton to file the Lawsuit with only St. Anthony's as the named plaintiff. For this same reason, Barton argues that Plaintiff failed to state a claim for abuse of process under Missouri law.

In response, Plaintiff argues that even though she was not served with the state petition, Barton violated the FDCPA by making deceptive misrepresentations therein, namely his status as St. Anthony's attorney and that St. Anthony's was the only party in interest. She argues that the FDCPA claim based on the state lawsuit is timely because (1) Barton's dismissal of the state petition on January 30, 2014, was itself a deceptive action, because he did so purporting to be St. Anthony's attorney, and (2) he kept the state case active in a continued deceptive attempt to collect the debt until the dismissal, which was well within the one-year statute of limitations.

Plaintiff argues alternatively, that her FDCPA claims based on Barton's September

2012 letter and filing the state lawsuit are not time-barred because the timely claims based on the dismissal of the lawsuit and the post-dismissal letter set "a new limitations clock" for the earlier alleged violations of the FDCPA.  She further argues that the one-year limitations period is subject to tolling and that grounds for tolling exist here, as Barton concealed the truth about his lack of authority from St. Anthony's and Plaintiff could not have known that the alleged September 2012 violation of the FDCPA until she consulted counsel.  Lastly, Plaintiff argues that she has properly pleaded all elements of her abuse of process claim.

## DISCUSSION

To survive Defendant's motion to dismiss, Plaintiff's claims must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).  The reviewing court must accept the plaintiff's factual allegations as true and construe them in plaintiff's favor, but is not required to accept the legal conclusions the plaintiff draws from the facts alleged.  *Id.; Retro Television Network, Inc. v. Luken Commc'ns, LLC*, 696 F.3d 766, 768-69 (8th Cir. 2012).  A court must "'draw on its judicial experience and common sense,'" and consider the plausibility of the plaintiff's claim as a whole, not the plausibility of each individual allegation.  *Zoltek Corp. v. Structural Polymer Group*, 592 F.3d 893, 896 n.4 (8th Cir. 2010) (citing *Iqbal,* 556 U.S. at 678).

The FDCPA makes actionable "a false, deceptive, or misleading representation or means in connection with the collection of any debt."  15 U.S.C. § 1692e.  A statute of

limitations defense is not typically a ground for a Rule 12(b)(6) dismissal "unless the complaint itself establishes the defense." *Jessie v. Potter*, 516 F.3d 709, 713 n.2 (8th Cir. 2008); *see also Varner v. Peterson Farms*, 371 F.3d 1011, 1016 (8th Cir. 2004).

The Court first agrees with Plaintiff that the filing of a deceptive lawsuit against an individual could potentially state a claim under the FDCPA even if the individual is never served. *See generally Hemmingsen v. Messerli & Kramer, P.A*., 674 F.3d 814, 818-19 (8th Cir. 2012) (discussing diverse situations in which potential FDCPA claims may arise out of debt collection litigation). The Court further concludes that here, filing the state lawsuit solely in St. Anthony's name could well have constituted a deceptive practice. But the Court concludes that Plaintiff's FDCPA claims based on the state lawsuit, as well as on the September 12 letter and phone call, are time-barred, as established by the complaint itself.

The FDCPA provides that an action to enforce any liability created by the Act "may be brought . . . within one year from the date on which the violation occurs." 15 U.S.C. § 1592k(d). Several district courts in the Eighth Circuit, including this Court, have read *Mattson v. United States West Communications, Inc*., 967 F.2d 259, 261 (8th Cir. 1992), as holding that the FDCPA's statute of limitations is jurisdictional and cannot be equitably tolled. *See McCarty v. Barton*, No. 4:13CV2562 JCH, 2014 WL 2958165, at *2 (E.D. Mo. July 1, 2014); *Spriggs v. Hosto & Buchan PLLC*, No. 4:13CV00394 SWW, 2014 WL 221982, at *3 (E.D. Ark. Jan. 21, 2014); *Young v. LVNV Funding LLC*, No. 4:12CV01180 AGF, 2013 WL 4551722, at *3 (E.D. Mo. Aug. 28, 2013); *Ness v. Gurstel Chargo, P.A.*,

6

No. 11-3370 (JNE/JSM), 2013 WL 1176060, at *5 (D. Minn. Mar. 21, 2013). The Court will adopt this circuit weight of authority.[2] Thus, Plaintiff's claims under the FDCPA based on Barton's actions that took place more than one year prior to December 23, 2013, the date this action was filed, are time-barred and must be dismissed.

The Court is not persuaded by Plaintiff's "continued violation" argument to extend the statute of limitations as to those claims. The dismissal of the state lawsuit did not start a new one-year limitations period from the date of dismissal. *See Oyegbola*, 2009 WL 4738074, at *4 (rejecting "continuing violation" theory in similar circumstances); *Calka v.*

---

2   Upon reflection, the Court questions whether this reading of *Mattson* is correct, and whether the use of the word "jurisdictional" in that decision was perhaps colloquial. The question of tolling was not before the Court, just the question of when the one year began to run. *See Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 940 & n.14 (9th Cir. 2009) (holding that the one year limitations period was subject to equitable tolling, and remarking that the "jurisdictional" statement in *Mattson* "was made without any real analysis, and we are unsure but what 'jurisdiction' was used in a somewhat colloquial sense"). The large majority of courts that have considered and analyzed the question have concluded that the one year period is subject to tolling. *See, e.g., Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000); *Clark v. Bonded Adjustment Co.*, 176 F. Supp. 2d 1062, 1068 (E.D. Wash. 2001) (stating "the presumption that statutory time limits are not jurisdictional has not been rebutted by anything in the language or legislative history of the FDCPA"). This Court believes that, given the opportunity to consider the matter directly, the Eighth Circuit would agree with these courts.

But here, even assuming that the one-year limitations period is subject to equitable tolling, grounds for such tolling do not exist. A party seeking equitable tolling bears the burden of showing "(1) *that he has been pursuing his rights diligently*, and (2) that some extraordinary circumstance stood in his way." *Credit Suisse Sec. (USA) LLC v. Simmonds*, 132 S. Ct. 1414, 1419 (2012); *see also Johnson v. Hobbs*, 678 F.3d 607, 610 (8th Cir. 2012) (citation omitted). Plaintiff has failed to meet that burden. *See, e.g., Oyegbola v. Advantage Assets Inc. II*, No. 09CV10418-NG, 2009 WL 4738074, at *3 (D. Mass. Dec. 7, 2009).

*Kucker, Kraus & Bruh, LLP*, No. 98 Civ. 0990(RWS), 1998 WL 437151, at *3 (S.D.N.Y. Aug. 3, 1998) (holding that a plaintiff's FDCPA suit was time-barred because it was filed over a year after the underlying lawsuit had been filed against her and that the defendant's ongoing conduct in prosecuting the suit did not amount to a "continuing violation").

This brings the Court to consider the alleged collection letter that was sent after the dismissal of the state petition, a letter in which Plaintiff alleges that Barton also misrepresented himself as authorized by St. Anthony's to collect the debt in question. As noted above, this letter was mentioned for the first time in Plaintiff's amended complaint. If such a letter was sent before April 23, 2013, that is, more than one year before Plaintiff filed her motion to file the amended complaint, it would be time-barred too. *See Mattson*, 967 F.2d at 261-62 (holding that the FDCPA limitations period begins to run on the date a challenged collection letter was mailed, and ends one day before the anniversary date of the mailing). The Court notes that the date of the motion for leave to amend is the operative date here rather than the date the motion was granted. *See Mayes v. AT&T Info. Sys., Inc.*, 867 F.2d 1172, 1173 (8th Cir. 1989); *CCA Global Partners, Inc. v. Yates Carpet, Inc.*, No. 4:06CV15 JCH, 2006 WL 2883376, at *4 n.7 (E.D. Mo. Oct. 5, 2006).

As stated above, however, a statute of limitations defense is not properly asserted by way of a motion to dismiss, unless "the complaint itself establishes the defense." *Jessie*, 516 F.3d at 713 n.2. Here, the amended complaint does not establish the defense; the 2013 letter may have been sent within one year of the filing of the motion to amend the complaint on April 23, 2014. If after discovery on the issue it appears the claim is

time-barred, Defendant may raise the issue in a motion for summary judgment.   But on this record, dismissal of Plaintiff's FDCPA claim based on the 2013 letter is not appropriate.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Dennis J. Barton, III's motion to dismiss for failure to state a claim is **GRANTED** in part and **DENIED** in part.   The motion is granted with respect to Plaintiff's claims under the FDCPA based upon the alleged September 2012 letter and phone call, and the filing of the state court petition against Plaintiff, but denied with respect to the 2013 letter.   (Doc. No. 41.)

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 25th day of July, 2014.

9